His Honor, EMILE GODOHAUX,
rendered the opinion and decree of the Court, as follows:
In a prior proceeding between the present parties, plaintiff, who had purchased apiano of .defendant, sued the latter for possession of it and for damages she had suffered from the fact that defendant had, without warrant in law dispossessed her of it. , The defendant denied her right to damages and reconvened claiming a balance due on the purchase price and a vendor’s privilege to secure it. By judgment on appeal in this Court plaintiff *461 .was awarded damages for defendant’s unwarranted act in depriving her of the possession of the piano, and on the other hand defendant recovered judgment for the balance •of the price with recognition of his vendor’s privilege. No question of title wa's-involved, but the Court-failed or neglected to order the defendant to return the, piano to plaintiff. ' .
Perry vs. Junius Hart Piano House, Ltd., 10 C. C. A., 170.
She has now filed the present .suit for the recovery of the value of the piano, claiming that although she has since fully paid and discharged the judgment and privilege for the balance of the purchase price, defendant has nevertheless failed and refused to return the piano to her, and she avers upon information and belief that the latter has sold or otherwise disposed of it. The trial Court having dismissed the suit on the ground that the former judgment between the parties was a bar to the present action, plaintiff has appealed.
It is true that the failure of the Court in the prior suit to require defendant to return the piano to plaintiff was equivalent to an adjudication -that defendant was entitled at that time to retain and plaintiff was not then entitled to recover possession of the property. But certainly that judgment cannot be interpreted as awarding to defendant a permanent or indefeasible right of possession of the property, for that would be tantamount to a recognition of defendant’s ownership of it; while the fact is that the question of title was never involved in that .proceeding, but on the contrary, the judgment itself, in recognizing defendant’s privilege as unpaid vendor and •his right of detention,-' negatives 'his, ownership and *462 •stamps the character of his possession as merely temporary or defeasible.
Opinion and decree, May 29th, 1916.
Rehearing refused, June 26th, 1916.
In other words, since the first judgment recognized in defendant but a temporary right of possessing it clearly is no bar to the present action which is based upon the allegation that this right has since terminated.
The judgment is accordingly reversed, the plea of res adjudi calta is overruled and the cause is remanded • for further proceedings according to law, the defendant paying the costs of this appeal and all other-costs to await the final disposition of the suit.
Reversed and remanded.